J-A08012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS MAHAFFEY | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No:  CP-02-CR-0004685-2003

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  August 10, 2023**

Appellant, Curtis Mahaffey, appeals from the October 7, 2021 order of the Court of Common Pleas of Allegheny County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.[1]  Counsel for Appellant has filed a motion to withdraw as counsel and a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). We grant counsel's motion to withdraw and affirm the order denying Appellant's petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed a petition "for Subpoena of an Official's Misconduct Records/Reports," which, as discussed *infra*, the PCRA court properly treated as a PCRA petition.

The factual and procedural background of the instant appeal are not at issue here. Briefly, following a jury trial, Appellant was convicted of first-degree murder and conspiracy. On November 20, 2003, the trial court sentenced Appellant to a mandatory term of life imprisonment. On direct appeal we affirmed the judgment of sentence. **See Commonwealth v. Mahaffey**, No. 2279 WDA 2003 (Pa. Super. filed July 20, 2005). Our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc* on October 6, 2005. **See Commonwealth v. Mahaffey**, 68 WM 2005 (Pa. 2005).[2]

From 2006 through 2019, Appellant filed several PCRA petitions, none of which were successful. On September 21, 2021, Appellant filed the underlying petition (which, as noted above, Appellant identified as a "Petition for Subpoena of an Official's Misconduct Records/Reports"). In his petition, Appellant challenged the sufficiency of the affidavit of probable cause for Appellant's arrest and the truthfulness of Detective Logan, the affiant. On October 7, 2021, the PCRA court dismissed the petition as an untimely PCRA petition. This appeal followed.

We first address counsel's application to withdraw. In order for PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

---

[2] Because Appellant failed to file a timely petition for allowance of appeal, and the Supreme Court denied his request to file *nunc pro tunc*, the judgment of sentence, for purposes of the PCRA, became final on August 19, 2005, upon expiration of the 30-day period to file a timely petition for allowance of appeal.

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011).

Upon review, we conclude that counsel complied with the procedural and substantive requirements for withdrawal. Counsel stated in his letter to Appellant that Appellant's issues lacked merit after conducting a review of the record. Application for Leave to Withdraw as Counsel, Exhibit A, 11/7/22. Counsel advised Appellant that he could retain private counsel or proceed *pro se*, *id.*, Exhibit B, and provided Appellant with a copy of the brief, which summarizes the facts and procedural history, includes issues that could arguably support Appellant's appeal, and explains why the issues are meritless.

Having concluded that counsel's petition to withdraw is *Turner*/*Finley* compliant, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to withdraw. If we agree with counsel that the claims are without merit, we will permit counsel to withdraw and deny relief. *See*, *e.g.*, *Commonwealth v. Park*, 2021 WL 4477468 (Pa. Super. filed

September 30, 2021).[3]  Appellant responded to counsel's petition to withdraw, in which he rehashed his arguments as set forth in the petition at issue here.[4]

Appellant presents the following issue for our consideration: "[W]hether the PCRA court properly denied [Appellant]'s 'Petition for Subpoena of an Official's Misconduct Records/Reports' as an untimely PCRA."  Appellant's Brief at 7.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010).  This review is limited to the findings of the PCRA court and the evidence of record.  ***Id***.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  ***Id.***  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  ***Id.***  We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[3]  ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[4]  ***See*** Appellant's January 19, 2023 "response to application to withdraw," which Appellant renewed on February 23, 2023.  ***See*** Appellant's "Motion to Response to ***Turner***/***Finley***," 2/23/23.  Appellant's February 23, 2023, motion is hereby granted.

- 4 -

Counsel first noted that the PCRA court correctly identified the above petition as a PCRA petition. To this end, counsel noted that the PCRA court properly treated Appellant's petition as a PCRA petition, relying on **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007), for the proposition that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.

We agree with the PCRA Court's and counsel's characterization of Appellant's petition as a PCRA petition.[5] Indeed, it is undisputed that Appellant's judgment of sentence is final.[6] We must determine, however, whether the relief requested falls within the scope of the PCRA.

Appellant claims that he discovered that Detective Logan had "a history of being an unreliable witness," that the Commonwealth was aware of it but failed to disclose it to Appellant, and that trial counsel failed to conduct proper discovery to find out about Detective Logan's history of untruthfulness. With

---

[5] Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition *if it requests relief contemplated by the PCRA*. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007); **see also Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); **Commonwealth v. Hromek**, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the **Wrecks** holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

[6] As noted above, Appellant's judgment of sentence became final on August 19, 2005.

this background, Appellant filed the underlying petition seeking to substantiate his *Brady* and ineffective assistance of counsel claims. Ultimately, Appellant intends to use this information about Detective Logan for purposes of impeaching his credibility. Petition, 9/21/21, at 3.

At its core, Appellant is attacking his conviction and sentence, which is exactly what the PCRA is intended to address. *See Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008); *Burkett*, 5 A.3d at 1274 (Pa. Super. 2010). Additionally, it is well-established that both ineffective assistance of counsel and *Brady* violations are cognizable under the PCRA. *See*, *e.g.*, *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 130 (Pa. 2001) ("all constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition"); *Commonwealth v. Simpson*, 66 A.3d 253, 264 n.16 (Pa. 2013) ("A *Brady* claim is cognizable on collateral appeal under the PCRA") (citation omitted). Accordingly, we conclude that the petition falls within the scope of the PCRA.

In light of the foregoing, we conclude that the PCRA court did not err in treating the Petition for Subpoena of an Official's Misconduct Records/Reports as a PCRA petition.[7]

---

[7] To the extent Appellant argues that the underlying petition is merely a request for relief to obtain information necessary for the filing of a PCRA petition, *see* Appellant's Response to Application to Withdraw, dated 1/12/23, at 2, neither we nor the PCRA court can entertain the request. The PCRA provides a mechanism for seeking discovery after the petition has been filed
*(Footnote Continued Next Page)*

Next, counsel argues that the PCRA court did not err in finding the instant petition untimely. We agree.

Appellant's judgment of sentence became final on August 19, 2005. Appellant, therefore, had until Monday, August 21, 2006, to file a timely PCRA petition. Appellant filed his current petition in 2021, which is patently untimely by about 15 years.

Appellant apparently attempts to invoke the newly discovered fact exception,[8] *see* Petition for Subpoena of an Official's Misconduct

---

if the petitioner can establish exceptional circumstances. *See* Pa.R.Crim.P. 902(E)(1). Prior to that time, "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter." 42 Pa.C.S.A. § 9545(a).

[8] Appellant claims that the evidence about Detective Logan constituted "newly discovered evidence." We construe the claim as alleging that the evidence constituted newly discovered facts for purposes of establishing an exception to the timeliness rule set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

To the extent Appellant instead claims after-discovered evidence, Appellant would not be entitled to relief on that ground.

First, a facially untimely PCRA petition, as the instant one, attempting to raise a substantive after-discovered evidence claim *must first establish jurisdiction by pleading and proving an exception to the PCRA time-bar*. *See*, *e.g.*, *Burton*, 158 A.3d at 629 (Pa. 2017); *Commonwealth v. Brown*, 11 A.3d 171, 176 (Pa. Super. 2015). As discussed above, Appellant failed to do so.

Second, the requirements of an after-discovered evidence claim include, in relevant part, that the new evidence is not to be used for merely cumulative or impeachment purposes. *See*, *e.g.*, *Commonwealth v. Heaster*, 171 A.3d

*(Footnote Continued Next Page)*

Records/Reports, 9/21/21, at 2.  Indeed, he alleges that the discovery of

Detective Logan's history of untruthfulness, constituted "newly discovered

evidence," which he intends to use to "impeach the credibility of Detective

Logan's truthfulness." *Id.*  Appellant, however, does not explain when he first

became aware of the allegations he makes in his current petition.  Additionally,

he does not explain why he could not have discovered those facts in a timely

manner nor the efforts he put forward to discover those facts.[9]

_____

268, 273 (Pa. Super. 2018).  Here, Appellant would not be entitled to the evidence sought because, as Appellant states, he intends to use the evidence to impeach Detective Logan's truthfulness. Petition for Subpoena of an Official's Misconduct Records/Reports, 9/21/21, at 2.

[9] It should be noted that Appellant's issues with Detective Logan's affidavit of probable cause supporting Appellant's arrest were raised and disposed of on the merits on direct appeal.  There, Appellant unsuccessfully argued that the affidavit of probable cause was premised on false information provided by a witness.  In the instant petition, Appellant argues that the affidavit of probable cause was premised on Detective Logan's untruthfulness about Appellant's statements made to Detective Logan during the interview.  We see two additional problems with the current petition.  First, "[a] petitioner is not entitled to relitigate a claim every time he offers a new theory or argument which he had not previously advanced." *Commonwealth v. Tenner*, 547 A.2d 1194, 1197 (Pa. Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989); *see also Commonwealth v. Fuller*, 509 A.2d 364, 366 (Pa. Super. 1986). Second, Detective Logan's alleged untruthfulness about what Appellant stated at the time of Appellant's interview was known to Appellant since before the trial; yet he, inexplicably, decided to raise it only now.  Additionally, Appellant did not need the evidence sought here to challenge Detective Logan's truthfulness.  Indeed, as acknowledged by Appellant, the evidence is sought merely for purposes of impeachment.  As noted above, even if the request for discovery were included in a timely PCRA petition, Appellant would not be entitled to the evidence sought because it does not qualify as after discovered evidence.

Thus, given that the instant petition is facially untimely, and given that Appellant failed to prove the applicability of the "newly discovered facts" exception, we conclude we have no jurisdiction to entertain the instant petition. The record supports the PCRA court's determinations, and we agree with counsel that Appellant's claims lack merit. Moreover, having conducted an independent review of the record in light of the PCRA petition, as well as the contents of counsel's petition to withdraw and brief, we agree that the PCRA petition is meritless and that counsel is entitled to withdraw.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2023